**Thomas HANNAH, Plaintiff,**

**v.**

**UNITED STATES LINES COMPANY and Francis J. Harris, Defendants.**

United States District Court
S. D. New York.
May 6, 1957.

Walter J. Klein, New York City, for plaintiff. Xavier N. Sardaro, Brooklyn, of counsel.

John I. Dugan, New York City, for Francis J. Harris.

SUGARMAN, District Judge.

Plaintiff, a seaman, brought suit against the owner of a vessel on which he allegedly sustained an injury and joined the captain of that vessel for the voyage during which the injury was allegedly sustained, as a defendant.

Service of process, as evidenced by the Marshal's certificate, indicates that the summons and complaint were served "upon the within-named Capt. Francis J. Harris Master S/S American Counselor Pier #2 U. S. Army Base 58 St & 1st Ave Bk. N Y by leaving a copy thereof at S/S American Counselor—Capt's off. with Kurd Van Deurs—1st officer."

The defendant Harris now moves "for an order pursuant to Rule 12(b) of the Rules of Civil Procedure [28 U.S.C.A.], vacating the alleged service of the summons and complaint on the grounds that the service is patently defective and was never made upon said Francis J. Harris * * *."

The issues, therefore, are [1] whether the vessel commanded by Captain Harris was a "dwelling house or usual place of abode" at which service might be made pursuant to F.R.Civ.P. 4(d) (1) and [2] whether the first officer Van Duers was a "person of suitable age and discretion then residing therein" with whom the process might be left.

The language "dwelling house or usual place of abode" as contained in the rule, "is taken directly from former Equity Rule 13; the same or similar language appears in many statutes. The decisions interpreting the term indicate that no hard-and-fast definition can be laid down, but that what is or is not a party's 'dwelling house or usual place of abode' within the meaning of the rule or statute is a question to be determined on the facts of the particular case. Ordinarily, however, it is held that a person's usual place of abode is the place where the party is actually living, except for temporary absences, at the time service is made."[1]

It appears that the authors of the rule had in mind in the phrase employed a synonym for "home."[2] The temporary nature of the captain's presence on the S.S. American Counselor, the vessel where service was attempted, is manifested by the fact that the injury and the captain's alleged negligence occurred on the S.S. Pioneer Bay.

Of course a situation might arise, i.e., residence upon a houseboat, or permanent residence by a so-called barge captain upon a scow, which might compel a different conclusion. However, on the facts in this case it is held that the attempted service was not a compliance with Rule 4(d) (1) because the vessel upon which the process was left was not the "dwelling house or usual place of abode" of the defendant Harris.

It becomes unnecessary to determine the collateral issue as to whether the vessel was the "residence" of the first officer to whom process was delivered.

The motion is granted and it is so ordered.

1. 2 Moore's Fed.Prac., (2d ed.) 929.

2. Proceedings of the Washington Institute on Federal Rules of the American Bar Association, October 1938, 187, Remarks of Robert G. Dodge, Esq., a member of the Supreme Court Advisory Committee.